1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHNNY MCGEE,                          Case No.  1:21-cv-00837-NODJ-HBK (PC)

12              Plaintiff,                   FINDINGS AND RECOMMENDATIONS TO
                                            DISMISS CASE[1]
13        v.
                                            (Doc. No.  18)
14   GALAGER, PATTERSON, YOKUM and
     WRIGHT,                                 FOURTEEN-DAY OBJECTION PERIOD
15
              Defendants.
16

17        Pending before the Court for screening under 28 U.S.C. § 1915A is Plaintiff's First

18   Amended Complaint.  (Doc. No. 18, "FAC").  For the reasons set forth below, the undersigned

19   recommends the district court dismiss the FAC because it fails to state any cognizable federal

20   claim.

21                         **SCREENING REQUIREMENT**

22        A plaintiff who commences an action while in prison is subject to the Prison Litigation

23   Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief

24   against a governmental entity, its officers, or its employees before directing service upon any

25   defendant.  28 U.S.C. § 1915A.  This requires the court to identify any cognizable claims and

26   dismiss the complaint, or any portion, if it is frivolous or malicious, if it fails to state a claim upon

27   _____

28   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2023).

which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).  The Court's review is limited to the complaint, exhibits attached, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.  *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ. P. 10(c).  A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

The Federal Rules of Civil Procedure require only that a complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Nonetheless, a claim must be facially plausible to survive screening.  This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

If an otherwise deficient pleading can be remedied by alleging other facts, a pro se litigant is entitled to an opportunity to amend their complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  However, it is not the role of the court to advise a pro se litigant on how

1   to cure the defects. Such advice "would undermine district judges' role as impartial

2   decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131

3   n.13. Furthermore, the court in its discretion may deny leave to amend due to "undue delay, bad

4   faith or dilatory motive of the part of the movant, [or] repeated failure to cure deficiencies by

5   amendments previously allowed . . . ." *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892

6   (9th Cir. 2010).

7   <center>**BACKGROUND AND SUMMARY OF OPERATIVE PLEADING**</center>

8       Plaintiff, a state prisoner proceeding pro se and *in forma pauperis*, initiated this action by

9   filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1). On July 28, 2023, the

10   undersigned screened Plaintiff's complaint and found that it failed to state any cognizable

11   constitutional claim. (*See* Doc. No. 15). The Court advised Plaintiff of the pleading deficiencies

12   and applicable law and afforded Plaintiff the opportunity to file an amended complaint. (*Id.*).

13   Plaintiff timely filed a first amended complaint. (Doc. No. 18) ("FAC").

14       The events giving rise to the FAC occurred at Wasco State Prison. (*See generally* Doc.

15   No. 18). The FAC names the following as Defendants: (1) Captain Galager, (2) Correctional

16   Counselor Patterson, (3) Correctional Officer Yokum, and (4) Correctional Officer Wright. (*Id.*

17   at 2). The following facts are presumed true at this stage of the screening process.

18       On March 17, 2019, Plaintiff was assaulted by two unidentified inmates on the morning

19   yard. (*Id.* at 3). Without further specificity, Plaintiff alleges Defendants Yokum and Wright

20   "failed/refused to intervene in the assault which led to serious bodily injuries . . ." despite the

21   assault happening "in front of" them. (*Id.* at 3, 4). Plaintiff suffered a broken nose, neck injuries,

22   and back injuries. (*Id.* at 3). The FAC is otherwise devoid of any other facts concerning the

23   assault by the two unidentified inmates.

24       Next, Plaintiff states on an unspecified date, he was sent to the infirmary to have his

25   sutures removed, which was done prematurely by unspecified individuals, and as a result

26   Plaintiff's mouth became infected. (*Id.*). Plaintiff was sent to an outside hospital on April 16,

27   2019 to be treated for the injuries resulting from the assault. (*Id.*).

28       Finally, Plaintiff complain that "by keeping [him] at the facility" Defendants Galager and

<center>3</center>

Patterson exhibited "deliberate indifference to [his] safety."  (*Id*. at 5).

Liberally construed, the FAC asserts Eighth Amendment failure to protect claims against Defendants Wright and Yokum for failing to intervene in the March 17, 2019 assault and against Defendants Galager and Patterson for "keeping Plaintiff at the facility."

As relief for the above claims, Plaintiff seeks a jury trial, and for Defendants to pay Plaintiff's filing fees and "other fees accured [sic] due to this physical assault."  (*Id*. at 6).

## APPLICABLE LAW AND ANALYSIS

### A.  Eighth Amendment Failure to Protect

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," which prohibits "cruel and unusual punishment."  *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); U.S. Const. Amend. VIII.  "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners."  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Cortes-Quinones v. Jimenez Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)).  "The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation if prison officials know of and disregard a substantial risk of serious harm to the plaintiff."  *Thomas v. Hernandez*, 2022 WL 1173339, at *4 (E.D. Cal. Apr. 20, 2022) (citing *Farmer*, 511 U.S. at 847, *Hearns v. Terhune*, 413 F.3d 1036 (9th Cir. 2005).  "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and, a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."  *Farmer*, 511 U.S. at 842.  To state a failure to protect claim, the prisoner must establish that the prison official was deliberately indifferent to a serious threat to the plaintiff's safety.  *Id.* at 834 (citing *Helling v. McKinney*, 509 U.S. 35, 35 (1993)).  Thus, a showing of deliberate indifference rests on facts clearly evincing "obduracy and wantonness, not inadvertence or error in good faith." *Whitley v. Albers,* 475 U.S. 312, 319 (1986).  "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to

1  abate it.'" *Labatad v. Corr. Corp. of Am.,* 714 F.3d 1155, 1160 (9th Cir. 2013) (quoting *Farmer*,

2  511 U.S. at 847).

3            1.   Claim Against Wright and Yokum

4        Here, the FAC alleges that on March 17, 2019 Plaintiff was assaulted by two inmates "in

5  front of" Defendants Wright and Yokum, but they failed to intervene.  Notably, the FAC does not

6  describe the nature of the assault, how long it lasted, or how far it occurred from Defendants

7  Wright and Yokum.

8        Correctional officials have an affirmative duty to intervene to protect those in custody

9  from constitutional abuses by correctional colleagues.  *United States v. Reese*, 2 F.3d 870, 887-88

10  (9th Cir. 1993). An official's failure to intervene, if provided an opportunity to do so, can violate

11  a prisoner's Eighth Amendment rights.  *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir.

12  1995); *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000). "[T]he core judicial inquiry"

13  is whether the prison officer either, on one hand, failed to intervene in a good-faith effort to

14  maintain or restore discipline or, on the other hand, maliciously and sadistically failed to

15  intervene to cause harm. *Stevenson v. Holland*, No. 1:16-cv-01831-AWI-SKO, 2017 WL

16  2958731, at *13 (E.D. Cal. July 11, 2017); *see also Borello v. Allison*, 446 F.3d 742, 749 (7th Cir.

17  2006) (defendant's deliberate indifference must effectively condone the attack by allowing it to

18  happen).  The critical inquiry is whether the by-stander officers had a realistic opportunity to

19  intervene and failed to act.   *See Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir.

20  2003); *Cunningham*  229 F.3d at 1289.

21        In its first screening order, the Court advised Plaintiff that in order to adequately allege an

22  Eighth Amendment failure to protect claim, he must allege facts including "when the attack took

23  place, where the attack took place, how long did the attack last, and where Yokum or Wright

24  were physically positioned at the time of the attack that enabled them to see and intervene to stop

25  the attack." (Doc. No. 15 at 7).  Although the FAC provides the date and general location of the

26  assault, it still fails to allege facts sufficient to establish that Defendants Yokum and Wright had a

27  reasonable opportunity to intervene but failed to do so.  The FAC provides no description of the

28  assault or how long it lasted.  The fact that the assault happened "in front of" Defendants does not

1  provide sufficient detail to make this determination.  Further, in the Physician Notes that Plaintiff

2  attaches to his FAC, Plaintiff reported that "he was struck in the face and hit his head on the

3  ground."  (Doc. No. 18 at 15).   Thus, given Plaintiff's description of the assault the Court finds

4  that the FAC fails to allege sufficient facts from which the Court can infer that Defendants

5  Yokum and Wright had a reasonable opportunity to prevent or stop the assault.  Indeed, as

6  alleged, it appears the assault by the two inmates on Plaintiff was brief in nature in that he "was

7  struck" and fell to the ground.  Consequently, the Court finds the FAC, like the Complaint, fails

8  to sufficiently allege an Eighth Amendment failure to intervene claim against Defendants Yokum

9  and Wright.

10                2.   Claim Against Paterson and Galager

11         The FAC asserts an additional claim against Defendants Galager and Paterson, citing to

12  the Eighth and Ninth Amendments[2], in which Plaintiff checks the box in the form complaint

13  marked "Threat to Safety."  Plaintiff's claim does not describe any discernible facts to support his

14  claim.  The full text of the claim states:

15        Was Captain Galager and CCI – Counselor Patterson's knowledge

16        that by keeping the Plaintiff at that facility deliberate indifference to
Plaintiff's safety, and if so can it be said as a matter of law that both
named defendants abused their power under color of authority of

17        state law pursuant to Title 18 U.S.C.S. 1997(e).  Both named
defendants have a civil duty and a constitutional duty to keep this

18        Plaintiff from physical injury while incarcerated in state prison no
matter what facility.

19

20  (Doc. No. 18 at 5).  The claim is facially vague.  First, it does not include any dates that would

21  indicate when the alleged violations took place.  *See Cervantes v. Elsen*, 2023 WL 3483292 (N.D.
Cal. May 15, 2023) (allegations that the misconduct occurred from 2022 to 2023 was not a

22  specific date); *Valenzuela v. Monson*, 2020 WL 1812043, at *2 (D. Ariz. Apr. 8, 2020); *Fisher v.

23  Washington State Department of Corrections*, 2019 WL 1745086, at *1 (W.D. Wash. Apr. 18,

24  2019) (the complaint violated Rule 8 of the Federal Rules of Civil Procedure because, among

25

26  [2] The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed
to deny or disparage others retained by the people."  However, it is well-settled that the Ninth Amendment does not

27  confer any constitutional rights cognizable in civil rights litigation.  *See Strandberg v. City of Helena*, 791 F.2d 744,
748 (9th Cir. 1986) ("[T]he [N]inth [A]mendment has never been recognized as independently securing any

28  constitutional right, for purposes of pursuing a civil rights claim.")).  Accordingly, the Court declines to analyze any
claim under the Ninth Amendment.

1    other reasons, it did not provide a specific date and therefore it did not "provide the defendants

2    fair notice of what the claim is . . ."); *Walker v. Muniz*, 2019 WL 2359229, at *4 (N.D. Cal. Jun.

3    4, 2019) (referencing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) when explaining

4    the specific date must be alleged to meet the requirement of giving defendants fair notice);

5    *McIntosh v. City of L.A.*, 2005 U.S. Dist. LEXIS 53641, at *5 (C.D. Cal. Jul. 21, 2005) (citing

6    *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996)).

7         It is unclear at what "facility" Galager and Patterson kept Plaintiff at, nor by what actions

8    they did so, or in what way their doing so harmed Plaintiff.  Under the "Injury" section of

9    Plaintiff's claim, he writes, "Plaintiff was severely assaulted by 2 other inmates.  Plaintiff

10    received a broken nose, neck and back injuries.  Plaintiff now is suffering from severe mental

11    duress." (*Id.*).  However, the claim does not in any way explain a causal connection between the

12    assault by the two inmates and any actions by Defendants Galager and Paterson.  The claim fails

13    to allege facts showing that either Defendant was aware of a serious threat to Plaintiff's safety

14    prior to the assault but nevertheless failed to take reasonable steps to protect Plaintiff from that

15    harm.  Thus, the FAC fails to state an Eighth Amendment failure to protect claim against

16    Defendants Galager and Patterson.

17              **CONCLUSION AND RECOMMENDATION**

18         Based on the above, the undersigned finds Plaintiff's FAC fails to state any cognizable

19    federal claim.  The FAC suffers from many of the same pleading deficiencies that the

20    undersigned identified and explained to Plaintiff in screening his original Complaint.  Plaintiff

21    reasserted the same failure to protect claims that were asserted in his Complaint without

22    addressing the defects explained by the Court.  Despite being provided with guidance and the

23    appropriate legal standards, Plaintiff was unable to cure the deficiencies identified above.  A

24    plaintiff's repeated failure to cure a complaint's deficiencies constitutes "a strong indication that

25    the [plaintiff has] no additional facts to plead." *Zucco Partners, LLC v. Digimarc Corp.*, 552

26    F.3d 981, 1007 (9th Cir. 2009) (citation and internal quotation marks omitted).  Thus, the

27    undersigned recommends that the district court dismiss the FAC without further leave to amend.

28    *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) (citing *Ferdik v. Bonzelet,* 963 F.2d 1258,

1   1261 (9th Cir.1992)) (noting discretion to deny leave to amend is particularly broad where court

2   has afforded plaintiff one or more opportunities to amend his complaint).

3          Accordingly, it is **RECOMMENDED**:

4          The First Amended Complaint (Doc. No. 18) be dismissed under § 1915A for failure to

5   state a claim and this case be dismissed.

6                              <u>**NOTICE TO PARTIES**</u>

7          These findings and recommendations will be submitted to the United States district judge

8   assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)

9   days after being served with these findings and recommendations, a party may file written

10  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

11  Findings and Recommendations."  Parties are advised that failure to file objections within the

12  specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

13  838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

14

15  Dated:    February 16, 2024

16                                        HELENA M. BARCH-KUCHTA
17                                        UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28