UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY MCGEE,<br><br>           Plaintiff,<br><br>     v.<br><br>GALAGER, PATTERSON, YOKUM and WRIGHT,<br><br>           Defendants. | No.  1:21-cv-00837-KES-HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART<br><br>Doc. 20 |

     Plaintiff Johnny McGee is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.  Doc. 18.  This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

     On July 28, 2023, the assigned magistrate judge screened plaintiff's complaint and found plaintiff had failed to state a cognizable claim, both as to his claim that two of the defendants failed to address his alleged misclassification and misassignment in prison, and as to his 8th Amendment claim that the two other defendants failed to intervene in an assault by another inmate on plaintiff.  Doc. 15.  The magistrate judge granted plaintiff thirty days to file an amended complaint.  Doc. 15.  After being granted an extension of time, plaintiff filed a first amended complaint on September 25, 2023.  Doc. 18.

     On February 16, 2024, the magistrate judge screened Plaintiff's first amended complaint and issued findings and recommendations recommending dismissal for failure to state a

1

1 cognizable claim for relief.  Doc. 20.  The magistrate judge found the first amended complaint
2 again failed to state a cognizable 8th Amendment claim against defendants Yokum and Wright
3 for failure to intervene in the assault on plaintiff.  The magistrate judge found the first amended
4 complaint was deficient in stating the duration of the alleged assault, identifying the locations of
5 defendants Yokum and Wright during the assault, and showing any facts suggesting defendants
6 Yokum and Wright had the opportunity to prevent or stop the assault but intentionally failed to
7 act.  *Id.* at 6.  The magistrate judge also found that plaintiff's claim against defendants Galager
8 and Patterson, for keeping plaintiff at a facility to which he was allegedly misclassified or
9 misassigned, failed to state a cognizable claim.  *Id.* at 7.  Plaintiff's claim did not include any
10 dates, actions taken, or the causal connection between the assault and Defendants Galager and
11 Patterson.  *Id.*  The findings and recommendations were served on plaintiff and contained notice
12 that objections were to be filed within fourteen days of service.  *Id*. at 8.

13 Plaintiff did not file any objections and the time do so has passed.  However, on April 12,
14 2024, plaintiff lodged a second amended complaint, which contained additional facts concerning
15 the locations and actions of defendants Yokum and Wright during the alleged assault.  Doc. 24 at
16 5.  Construing the allegations in plaintiff's proposed second amended complaint liberally,
17 plaintiff alleges that defendants Yokum and Wright were 23 feet away from plaintiff when
18 another prisoner assaulted plaintiff, the assault went on for approximately three minutes, and
19 defendants Yokum and Wright failed to immediately intervene and instead took approximately
20 two to three minutes to cover the distance of 23 feet before they intervened.  *Id.*  The defendants
21 then told plaintiff he needed to be careful who he files a complaint on, which "let [plaintiff]
22 know it was personal."  *Id.* at 14.  Plaintiff's second amended complaint also asserts claims
23 against defendants Galager and Patterson.  *Id.* at 3.

24 In accordance with 28 U.S.C. § 636(b)(1), this court has conducted a de novo review of
25 this case.  After carefully reviewing the entire file, the court finds the findings and
26 recommendations as to the first amended complaint are supported by the record and proper
27 analysis, except as to the recommendation that the dismissal be with prejudice.  In light of
28 plaintiff's additional allegations in his lodged second amended complaint, the court adopts the

findings and recommendations in part and dismisses the first amended complaint without prejudice. The clerk's office shall file on the docket plaintiff's second amended complaint, which was lodged on April 12, 2024 (Doc. 24). This matter is referred back to the assigned magistrate judge for evaluation and screening of the second amended complaint.

Accordingly, it is HEREBY ORDERED:

1. The findings and recommendations issued on February 16, 2024, Doc. 20, are ADOPTED IN PART.
2. Plaintiff's first amended complaint is dismissed without prejudice.
3. The clerk's office shall file on the docket plaintiff's second amended complaint, lodged on April 12, 2024 (Doc. 24).
4. The assigned magistrate judge is directed to screen plaintiff's second amended complaint in accordance with 28 U.S.C. § 1915A.

IT IS SO ORDERED.

Dated:   June 14, 2024

UNITED STATES DISTRICT JUDGE