UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY MCGEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GALAGER, PATTERSON, YOKUM and WRIGHT,<br><br>　　　　Defendants. | Case No. 1:21-cv-00837-KES-HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>Doc. No. 30 |

　　　　Plaintiff Johnny McGee is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　This action proceeds on plaintiff's second amended complaint ("SAC") filed on June 14, 2024. (Doc. 28.) On June 18, 2024, the assigned magistrate judge screened the SAC, finding that it stated an Eighth Amendment failure to protect claim against defendants Wright and Yokum but no other claim. (Doc. 29 at 7.) The magistrate judge afforded plaintiff the option to either (1) file a notice to stand on his SAC and voluntarily dismiss the claims deemed not cognizable in the screening order; or (2) stand on his SAC subject to the magistrate judge recommending the district court dismiss certain claims and defendants. (*Id*. at 7–8.) The screening order was served on plaintiff at his address of record and contained a notice that plaintiff's response was due by

July 23, 2024.[1] (*Id.*)  On July 10, 2024, the screening order was returned to the Court as "Undeliverable, RTS, Attempted-Not Known, Unable to Forward."

Plaintiff was required to update his address within 63 days per Local Rule 183(b).  After plaintiff failed to do so, on September 19, 2024, the assigned magistrate judge issued findings and recommendations to dismiss this action without prejudice for failure to prosecute.  (Doc. 30.)  The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen days after service.  (*Id.* at 3.)  No objections were filed, and the deadline to do so has expired.  The findings and recommendations were also returned to the court as undeliverable.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case.  Having carefully reviewed the file, the Court concludes that the finding that plaintiff failed to prosecute his case is supported by the record.  The Ninth Circuit has held that, prior to dismissing a case for lack of prosecution, district courts must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The Court has independently considered the *Henderson* factors and finds that they weigh in favor of dismissal.  The public's interest in expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal because the Court cannot effectively manage its docket nor can the litigation be expeditiously resolved if plaintiff does not litigate his case.  *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").  The assigned magistrate judge issued a screening order that required plaintiff's action and plaintiff has not responded to it.  (Doc. 29.)  Moreover, the screening order was returned as undeliverable, and plaintiff has failed to update his address.  As to the third factor, the risk of prejudice to the defendant also weighs in

---

[1] Absent notice of a party's change of address, service of documents at the prior address of the party is fully effective.  Local Rule 182(f).

favor of dismissal, given that unreasonable delay in a case gives rise to a presumption of injury to the defendant. *See, e.g.*, *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

While the fourth consideration, that public policy favors disposition of cases on their merits, generally weighs against dismissal, here it lends little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted). Finally, the warning issued in the June 18, 2024 screening order that plaintiff's failure to comply with that order may result in dismissal of this action, (Doc. 29 at 8), satisfies the "considerations of the alternatives" requirement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Additionally, at this stage in the proceedings there is little else available to the Court that would constitute a satisfactory lesser sanction given the Court's inability to communicate with plaintiff. *See, e.g., Gaston v. Marean*, 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address").

Accordingly:

1. The findings and recommendations issued on September 19, 2024, (Doc. 30), are adopted in full;
2. This action is dismissed without prejudice based on plaintiff's failure to prosecute the action; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   November 21, 2024

_____
UNITED STATES DISTRICT JUDGE

3